**The KANSAS CITY SOUTHERN RAILWAY COMPANY, a corporation, Appellant,**

v.

**KANSAS CITY POWER & LIGHT COMPANY, a corporation, Appellee.**

No. 76–1833.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1977.

Decided March 31, 1977.

---

Robert K. Dreiling, Kansas City, Mo., for appellant.

A. Drue Jennings, Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and ROSS and BRIGHT, Circuit Judges.

PER CURIAM.

This action was brought by the Kansas City Southern Railway Company (KCSR) against Kansas City Power & Light Company (KCPL), for demurrage on trainloads of freight cars which KCSR accepted from St. Louis-San Francisco Railway Company (Frisco) as a switching carrier, and delivered to KCPL for unloading.

The specific question to be determined is whether under the applicable tariff, demurrage was payable on the basis of the time each *car* was retained by KCPL or whether demurrage was payable on the entire *trainload* of cars until the last car of the trainload was unloaded and returned to KCSR.

For seven years KCSR had charged demurrage on the basis of the time each car was retained and not on the basis it now claims was correct, i. e. for all of the cars in the trainload until the last car of the trainload was unloaded and returned to KCSR. At oral argument counsel for KCSR conceded (1) that there was no reassembly of these cars by trainload after unloading and before returning them to Frisco but that they were returned to the stream of commerce as they were received by KCSR from KCPL; and (2) KCSR was charged by Frisco on the basis of the time each *car* was away from the control of Frisco, and not on a trainload basis. Thus, although KCSR was paying retention charges to Frisco on a car-day basis, and although the cars were returned by KCSR to Frisco as they were individually unloaded and received, KCSR sought to charge KCPL demurrage on a trainload basis, even though for seven years KCSR had interpreted the tariff the same as KCPL. The amount claimed to be due under KCSR's revised interpretation of the tariff was $115,125.00.

The trial court (Judge John Oliver) held for KCPL and entered judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. The basis for his determination is clearly set forth in a well reasoned opinion reported at 430 F.Supp. 722 (W.D.Mo. 1976).

Our examination of the record, including the exhibits and stipulation, convinces us that the trial court's factual findings are supported by substantial evidence, that his interpretation of the tariff was correct and that his decision was not induced by any erroneous view of the law. We therefore affirm on the basis of Judge Oliver's memorandum opinion.